# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

DALE ANTHONY CHAMBERS, )
                    Plaintiff, )
v. ) No. CIV 12-494-JHP-SPS
BILL STURCH, et al., )
                    Defendants. )

## OPINION AND ORDER

This civil rights action, filed by an prisoner who is incarcerated in the Bryan County Jail, was removed to this court from the Bryan County District Court on December 11, 2012 (Docket No. 2). Plaintiff alleges in his complaint that his constitutional rights were violated when officials of the Bryan County Jail failed to protect him from another inmate who threatened to beat him and then carried out the threat with the assistance of other inmates. The defendants are Bryan County Sheriff Bill Sturch, Bryan County Captain John Kidman, Bryan County Officer Corporal Todd Davis, Bryan County Officer Brandon Farrell, and the Bryan County Jail. Only Defendants Sturch and Kidman have been served.

"The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Here, the court finds the Bryan County Jail must be dismissed as a defendant, because it is not a legal entity. The capacity of an entity to be sued is determined by the law of the

state in which the federal district court is located. Fed. R. Civ. P. 17(b). Under Oklahoma law, "any person, corporation, partnership, or unincorporated association [has] capacity to . . . be sued in this state." Okla. Stat. tit. 12, § 2017(B). While the Oklahoma courts have not addressed in a published opinion the issue of whether a jail or prison has capacity to be sued, other jurisdictions have concluded that a county or local jail lacks capacity. *See Lewis v. Houston County Jail*, 876 F. Supp 861, 865 n.1 (E.D. Tex. 1995) ("The Houston County Jail is not a legal entity capable of suit."); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person'--it is not a legal entity to begin with."); *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit."); *Smith v. Franklin County*, 227 F.Supp.2d 667, 674 -675 (E.D. Ky. 2002) ("[T]he Franklin County Correctional Complex/Franklin County Regional Jail [] is not a legal entity capable of being sued. Rather, [] it is a facility owned and provided for by the Fiscal Court and operated by the jailer per [the state constitution and state statutes].").

In addition, the record shows that plaintiff has not served Defendants Todd Davis and Brandon Farrell. Plaintiff attempted service on these two defendants, but neither could be located because they no longer worked for the Sheriff's Department (Docket Nos. 2-9 and 2-10). This lawsuit was filed in the state court on November 15, 2010, so plaintiff has far exceeded the 120-day period for service under Rule 4(m) of the Federal Rules of Civil Procedure. He, therefore, is directed to show cause in writing within fourteen (14) days for his failure to serve these two defendants. Failure to show good cause will result in dismissal of Defendants Davis and Farrell.

**ACCORDINGLY,**

(1) The Bryan County Jail is dismissed from this action.

(2) Plaintiff is granted fourteen (14) days to show cause in writing for his failure to serve Defendants Todd Davis and Brandon Farrell within 120 days after the complaint was

filed, as required by Fed. R. Civ. P. 4(m).  Failure to show cause as directed will result in dismissal of Defendants Davis and Farrell from this action.

**IT IS SO ORDERED** this 20th day of December 2012.

James H. Payne
United States District Judge
Eastern District of Oklahoma