# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALE ANTHONY CHAMBERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-12-494-JHP-SPS |
| ) | |
| BILL STURCH, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter comes before the Court on Defendants' (Sturch and Kidman) Motion to Dismiss, or alternatively, Motion for Summary Judgment (Dkt. # 15). Plaintiff has not filed any response to said Motion pursuant to either LCvR 7.1(f) or Fed.R.Civ.P. 56(c). On December 20, 2012, this Court entered an order directing plaintiff to show cause in writing within fourteen (14) days why he had failed to serve Defendants Todd Davis and Brandon Farrell within 120 days as required by Rule 4(m) of the Federal Rules of Civil Procedure. On January 2, 2013, plaintiff filed a response to this court's order. His response, however, does not contain good cause for failing to timely serve said defendants. Furthermore, since that time, plaintiff still has not obtained service on said defendants. Additionally, this Court entered an order on June 28, 2013 directing plaintiff to show cause in writing within fourteen (14) days why defendants' motion should not be granted. To date, the plaintiff has not filed any response or made any objections to the facts set forth in either the special report or the Defendants' Motion.

*Procedural Background*

This action was originally filed on November 15, 2010 in the District Court of Bryan County, Oklahoma by Plaintiff, pursuant to 42 U.S.C. § 1983, who was an inmate in the Bryan County Jail. Plaintiff requests $30,000 in compensatory damages for alleged violations and/or denials of his due process and equal protection rights; $5,000 in additional compensation for the mental and emotional injuries; and unspecified punitive damages. The action was removed to this Court on December 11, 2012 (Dkt. # 2). On March 21, 2013, the magistrate judge stayed these proceedings and ordered the preparation of a special report, pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). On May 20, 2013, the special report was filed (Dkt. # 14). Simultaneous with the filing of the special report, Defendants Sturch and Kidman filed a Motion to Dismiss, or alternatively, Motion for Summary Judgment (Dkt. # 15).

*Undisputed Facts*

Plaintiff, Dale Anthony Chambers, was booked into the Bryan County Jail on October 27, 2009 on two counts of "Child Sexual Abuse." After his initial arraignment, on October 29, 2009, Chambers was placed in Pod 36 of the jail.[1] According to Plaintiff, he requested Defendant Todd Davis to place him in protective custody and Davis stated there was no protective custody.

On November 1, 2009, at approximately 2:40 p.m., Chambers was seen being assaulted by inmate James Cangro around the shower area by Jailer Sheila Johnson who was in the control room

---

[1] The Court notes that ¶ 4 of the undisputed facts proposed by the Defendants indicate that "Pod 36 was designated [at the time Chambers was placed there] as the protective custody Pod, in that all inmates with sex and/or child abuse related charges were placed in that Pod." Dkt. # 15, at p 9. This statement is consistent with the affidavit signed by Defendant Kidman on May 15, 2013. Dkt. #14-1, at p. 1 ¶ 4. It is inconsistent, however, with the Jail Incident report prepared on November 1, 2009 by Jailer Davis. That report indicates, after the Plaintiff was returned to the jail from the emergency room of the hospital, Davis suggested "that all sex offenders be moved to POD 36 and Inmate Cangro be moved to POD 31 so he (inmate Cangro) doesn't have as many inmates to push around or persuade to do things." Dkt. # 14-1, at p. 6. In preparing the special report, the officials responsible for the Bryan County Jail apparently did not personally interview Defendant Davis.

2

of the jail, and Jailer Todd Davis immediately responded to the call for assistance. Chambers was transported by ambulance to the Medical Center of Southeastern Oklahoma. Chambers had a broken nose and several lacerations on his head. After receiving treatment, Chambers was released by medical personnel back to the jail. When he was returned to the jail, Chambers was placed in a cell by himself pending cell assignment changes.

On November 2, 2009, Plaintiff was interviewed by Deputy Sheriff Johnny Lee Bates.[2] At that time, Plaintiff advised the deputy that he was getting dressed in the shower area when Inmate Abel Wolf began hitting, elbowing and kicking him. *See*, Dkt. # 14-1 at p. 6. Plaintiff further advised Bates that when he fell to the ground, he felt more strikes to his body that he believed to be other inmates hitting. At the time of this interview, the only allegation against inmate James Cangro was "that inmate Cangro was agging (sic) things on and is allways (sic) trying to instigate something and show that he runs the POD so to speak."

Despite plaintiff's allegations that James Cangro was being held for attempted murder while incarcerated at the Bryan County Jail, the special report indicates he was being held for "Assault with a Dangerous Weapon" and "Possession of Firearms" charges. Cangro had been placed in Pod 36 because he was classified as an escape risk. Additionally, Abel Wolf was being held on "Child Abuse" charges.

Bryan County Jail has written policies and procedures regarding Inmate Grievances. *See*, Dkt. # 14-2. Those procedures authorize inmates to file a grievance to bring a problem to staff's attention or to appeal specific staff actions. Prior to filing the grievance, however, the inmate must

---

[2]According to Bates incident/offense report, he "asked Chambers to write a voluntary statement about the incident in pod 36 on 11-01-2009" and that he "read Chambers' statement and spoke to him." Yet, no written statement by Chambers was included in the special report.

3

first have completed a Request to Staff in an effort to resolve the issue at the lowest level. Staff members may not entertain a grievance unless a Request to Staff is attached to the grievance. Additionally, the grievance must be brought to the attention of staff within 48 hours of the problem. *Id*., at pp. 1-2. Plaintiff failed to file a grievance regarding any of the allegations contained in his Complaint.

*Legal Analysis*

The Prison Litigation Reform Act of 1996 ("PLRA") provides in part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n. 1 (10th Cir. 2001). Plaintiff was incarcerated at the Bryan County Jail, in Durant, Oklahoma, on the date that this lawsuit was filed in state court as well as on the date it was removed to this court.

Failure to exhaust is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, *supra*.

In the instant case, Bryan County Jail has an Inmate Grievance Policy and Procedures which provide an internal grievance procedure for resolving complaints arising from jail operations. Plaintiff has not contested the defendants allegations that he never followed those grievance policies

4

and procedures.[3]  Accordingly, this complaint must be dismissed against all defendants, without prejudice, pursuant to 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED** on this 16th day of October, 2013.

James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[3] Plaintiff's Complaint indicates, on October 30, 2009, he "placed a written grievance form to Administration (sic) to be placed in protective custody"; but he never received a response.  Plaintiff does not provide any documentation to indicate exactly who he would have delivered the grievance form to.  Moreover, the special report contradicts the plaintiff's statement and the plaintiff has not contested either the motion to dismiss on this issue or the factual findings contained within the special report.